```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROBERT TERRY,                           :
                                        :
                        Plaintiff,      :
                                        :
        v.                              :
                                        :
VILLAGE OF OSSINING,                    :
OFFICER AARON ZIMMERMAN,                :
SERGEANT KEVIN SYLVESTER,               :
DETECTIVE DONALD FARRELL,               :
and JOHN DOE POLICE OFFICERS,           :
                                        :
                        Defendants.     :
------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 11/5/13

**OPINION AND ORDER**
12 Civ. 5855 (ER)

RAMOS, D.J.:

Plaintiff Robert L. Terry ("Terry" or "Plaintiff"), appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against police officers from the Village of Ossining whom he alleges violated his constitutional rights by using or allowing the use of excessive force against him.[1] Compl., Doc. 2. Plaintiff has asserted claims against three named individuals—Officer Aaron Zimmerman, Sergeant Kevin Sylvester and Detective Donald Farrell (collectively, "Named Defendants")—as well as several John Doe Ossining Police Department Officers (collectively, "John Doe Defendants").

All Defendants move for dismissal of the case pursuant to Federal Rules of Civil Procedure 4(m) and 41(b) for failure to timely effect service and want of prosecution. For the reasons set forth below, Defendants' motion to dismiss, Doc. 10, is GRANTED, but the Court dismisses Plaintiff's claims without prejudice.

---

[1] By Order dated August 31, 2012, Doc. 6, the Court dismissed Plaintiff's property deprivation claims, and thus only Plaintiff's excessive force claims remain. At that time, the Court also dismissed Defendant Village of Ossining from the case. *Id.*

## I. Factual Background

### A. Plaintiff's Allegations Regarding Officer Zimmerman, Sergeant Sylvester, Detective Farrell, and John Doe Officers[2]

Plaintiff asserts that, on February 2, 2012, at approximately 8:30 p.m., near the intersection of Main Street and Spring Street in Ossining, New York, a marked Village of Ossining police car stopped his vehicle. Plaintiff was the sole occupant of his car at the time of the stop. According to Plaintiff, Defendant Officer Zimmerman approached his open driver's side window and, while holding a taser gun, ordered him not to move. Plaintiff's car was still in "drive" mode at that juncture. Officer Zimmerman's partner, John Doe No. 1, appeared and instructed Plaintiff to downshift into "park mode," at which time, Plaintiff claims, the "inexplicably agitated" Officer Zimmerman fired his taser gun at Plaintiff "at point-blank range, one gun prong striking into [Plaintiff's] left cheek, the other prong penetrating his upper left shoulder," both of which delivered an electric shock that caused Plaintiff to react by stepping on the gas pedal. "Acting out of fear and adrenaline rush," Plaintiff proceeded to drive away to the town of Croton-On-Hudson.[3] Compl. at 3.

Plaintiff claims that he then exited his vehicle in Croton-On-Hudson and flagged down a County police cruiser and identified himself. At that time, Plaintiff alleges, the County police officer handcuffed him until Officer Zimmerman and John Doe No. 1 appeared. Upon arrival, and in the absence of provocation, Officer Zimmerman and John Doe No. 1 purportedly kicked, punched, stomped upon, and assaulted Plaintiff with a taser gun as he lay face down on the pavement. The officers then transported Plaintiff to the police headquarters in Ossining, New York, where he was searched and booked. Compl. at 3.

---

[2] Plaintiff refers to Sergeant Sylvester as "Sergeant Sylvestry" and Detective Farrell as "Detective Ferrell." *Compare* Compl. *and* Defs.' Aff. Supp. Mot. Dismiss, Ex. C, Doc. 11.

[3] The distance between Croton-On-Hudson and the Village of Ossining is approximately four to five miles.

Plaintiff further alleges that, at the Ossining police station—and in the presence of additional John Doe officers, Sergeant Sylvester and Detective Farrell—Officer Zimmerman continued to assault him by "put[ting] pressure on the handcuff ratchet surrounding [his] right wrist." Plaintiff avers that Officer Zimmerman may have been trying to break his wrist and threatened to "kill" him if he moved. A few minutes later, Sergeant Sylvester allegedly ordered Officer Zimmerman to loosen Plaintiff's handcuffs. Plaintiff was next placed in a holding cell for 24 hours without receiving medical assistance, and thereafter, he was transferred into the custody of the Westchester County Jail in Valhalla, New York, whose staff placed Plaintiff in the Medical Housing Unit. Compl. at 3-A.

### B. Procedural Background

Plaintiff commenced this case by filing a complaint on July 23, 2012, while incarcerated at the Westchester County Department of Correction. *See* Compl. at 7. When he initiated the case, Plaintiff provided the following mailing address: Robert Terry, #7909, Westchester County Department of Correction, Woods Road, P.O. Box 10, Valhalla, New York 10595 ("Plaintiff's Address of Record"). Pl. Opp. Aff. ¶ 4, Doc. 14. Plaintiff represents that he was discharged from prison on August 22, 2012. *Id.* ¶ 12. Neither the docket nor the Court's records reflect any attempt by Plaintiff to notify the Court of a change of address, nor does Plaintiff claim that he ever notified the Court of a change of address.

On August 31, 2012, the Court issued an Order of Service (the "Order of Service"), a copy of which was mailed to Plaintiff's Address of Record by the Clerk's Office. Doc. 6. Among other things, the Order of Service directed Plaintiff to file an Amended Complaint on or before November 30, 2012. Order of Service at 4. In addition, the Order of Service required Corporation Counsel to ascertain the full names of John Doe Defendants and provide such

information to Plaintiff and the Court on or before October 30, 2012. *Id.* Upon filing of the Amended Complaint by Plaintiff, the Order of Service instructed the Clerk of the Court to issue an Amended Summons, if necessary, and allotted Plaintiff 120 days from the date of the issuance of the Amended Summons to serve John Doe Defendants. *Id.* at 5. With respect to Named Defendants, the Order of Service directed the Clerk of the Court to issue a Summons and directed Plaintiff to serve the Summons and Complaint upon Named Defendants within 120 days of the issuance of the Summons. *Id.* The Order of Service cautioned that "[i]f service has not been made within 120 days, and Plaintiff has not requested an extension of time to serve within that 120 days, the Complaint may be dismissed for failure to prosecute under Rules 4 and 41 of the Federal Rules of Civil Procedure." *Id.*

The docket in this case indicates that on September 5, 2012, the Clerk of the Court: (1) issued a Summons to Named Defendants and (2) mailed a service package to Plaintiff's Address of Record, which included the following materials: an original summons and copies of summonses, a certified *in forma pauperis* application and copies thereof, the Complaint, United States Marshals Service process receipt and return (U.S.M.-285) forms (used for service of process), change of address postcards, my Individual Practices, instructions on how to file a motion and opposition, instructions on filing an amended complaint, an application for counsel, a consent to proceed before a magistrate judge form, and affirmation of service forms. *See* Docket (9/5/2012 entries). On September 27, 2012, the Clerk of the Court received a returned mail notice regarding the Order of Service; the mail was returned from Plaintiff's Address of Record for the reason: "Attempted – Not Known/Unable to Forward." *Id.* (9/27/12 entry).

In compliance with the Order of Service, Defendants mailed information concerning John Doe Defendants to Plaintiff's Address of Record on October 26, 2012. Defs.' Aff. Supp. Mot.

4

Dismiss ¶ 7, Ex. C, Doc. 11. Defendants represent that on November 13, 2012, they received undelivered the October 26, 2012 mailing to Plaintiff from the Westchester County Department of Correction, marked "This person DISCHARGED from Jail/Penitentiary NOT HERE." *Id.* ¶ 8, Ex. D. On November 15, 2012, Defendants sent a letter to the Court advising that its October 26, 2012 mailing to Plaintiff had been returned undelivered and that efforts to supply Plaintiff with the information mandated by the Order of Service had been unsuccessful. *Id.*, Ex. E.

On February 19, 2013, defense counsel faxed a letter to the Court seeking leave to file a motion to dismiss Plaintiff's pending claims. Doc. 7. On March 11, 2013, the Court endorsed defense counsel's letter by setting a pre-motion conference for April 16, 2013 and instructing Plaintiff to respond to defense counsel's letter by April 9, 2013. *Id.* On April 15, 2013, the Court, having received no response from Plaintiff, issued an order granting Defendants leave to file a motion to dismiss, setting a briefing schedule, and cancelling the pre-motion conference. Doc. 8. Possessing no other address for Plaintiff, the Court again mailed the April 15, 2013 Order to Plaintiff's Address of Record. *See* Docket (4/15/2013 entry).

The docket and the Court's records do not show any attempt by Plaintiff to contact the Court between July 2012, when he filed the Complaint, and April 2013. On April 19, 2013, the Court received a letter dated April 16, 2013 from Plaintiff indicating that he had received the Court's April 15, 2013 Order, and requested to quash it. Doc. 9. The Court declined to do so, but sent Plaintiff a copy of the *Pro Se* Litigation Manual and my Individual Practices, as his April 16, 2013 letter had also requested those materials. *See* Docket (4/30/2013 entry).

In compliance with the briefing schedule set by the Court, on March 15, 2013, Defendants filed their opening motion to dismiss and affirmation in support (Docs. 10, 11);

Plaintiff filed his opposition papers on June 14, 2013 (Doc. 14); and Defendants filed their reply memorandum of law in support of the motion on June 24, 2013 (Doc. 12).[4]

## II. Motion to Dismiss Pursuant to Rules 4(m) and 41(b)

Defendants move to dismiss the action pursuant to Rules 4(m) and 41(b). Rule 4(m) provides, in relevant part, that:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4. The Second Circuit has held that "[t]he district court's determinations on whether good cause is present (and, if so, how long an extension would be appropriate) are exercises of discretion." *See Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007) (citations omitted). "Among federal courts, there is virtual unanimity that 'dismissal is mandatory if a defendant is not served within 120 days, unless the plaintiff can show good cause for delay.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Sun*, No. 93 Civ. 7170 (LAP), 1994 WL 463009, at *2 – *3 (S.D.N.Y. Aug. 25, 1994) (collecting cases); *cf. Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986) (Rule 4 is to be construed liberally "'to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice'") (quoting *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972)). Affording leniency to "litigants who have failed to make even the most basic efforts" would render Rule 4(m) "a toothless tiger." *Nat'l Union Fire Ins. Co.*, 1994 WL 463009, at *3. Where a *pro se* plaintiff has failed to effectuate timely service, courts have typically held that dismissal without prejudice

---

[4] Subsequent to completion of the motion to dismiss briefing, Plaintiff submitted a letter to the Court, dated August 29, 2013, requesting appointment of *pro bono* counsel and a status update in the matter. Doc. 13. On October 16, 2013, Plaintiff sent a letter following up on his request for *pro bono* counsel and inquiring whether the Court would transfer his case to state court. Doc. 15. By order dated October 23, 2013, the Court denied both of Plaintiff's requests. Doc. 16.

is appropriate. *Zapata v. Isabella Geriatric Ctr.*, No. 12 Civ. 00738 (ALC) (DF), 2013 WL 1762900, at *2 (S.D.N.Y. Apr. 1, 2013), *report and recommendation adopted*, No. 12 Civ. 738 (ALC), 2013 WL 1762168 (S.D.N.Y. Apr. 24, 2013) (collecting cases); *see also Powell v. Dep't of Corr.*, No. 00 Civ. 5260 (LAK), 2001 WL 1502551, at *2 (S.D.N.Y. Oct. 29, 2001) (same).

Rule 41(b) states that a defendant may move to dismiss an action or any claim against it "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Additionally, "[u]nless the dismissal order states otherwise," a dismissal under Rule 41(b) "and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." *Id.* District courts have discretion to effect dismissal pursuant to Rule 41(b). *See Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), at *1 2000 WL 977683 (S.D.N.Y. July 17, 2000) (citing *Nita v. Connecticut Dep't of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir. 1994); *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)). The Second Circuit has cautioned, however, that the discretion to dismiss a case under Rule 41(b) should be exercised sparingly and only when the district judge is "sure of the impotence of lesser sanctions." *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir. 1980).

Defendants move to dismiss the action for failure to effectuate service, failure to prosecute, and failure to comply with the Order of Service. Defs.' Aff. Supp. Mot. Dismiss ¶¶ 14-21. In his opposition, Plaintiff argues that: (1) defense counsel's "procedural negligence" is the reason why defense counsel could not contact him (Pl. Opp. Aff. ¶ 9); (2) he was discharged before the date of the Court's Order of Service (*id.* ¶ 12); and (3) he never received the Order of Service and "had no knowledge that the case had even commenced to Federal Jurisdiction" (*id.* ¶¶ 10-13). Plaintiff specifically blames the Court for not delivering the Order of Service—"the

court DID NOT only NOT contact him to issue an order but has NO proof that it did," *id.* ¶ 13 (emphasis in original)—and also queries, "[h]ow was it possible for the Court to contact [Plaintiff] to issue an order well after the date of his discharge," but not defense counsel? *Id.*

### A. Dismissal Without Prejudice Under Rule 4(m) Is Warranted

The docket in this case reflects that Plaintiff did not timely direct the U.S. Marshals Service to effect service on Named Defendants within 120 days of the issuance of the Summons (September 5, 2012), and still has yet to serve any of the Defendants. Although service was not effected within 120 days after the filing of the Complaint, as mandated by Rule 4(m), dismissal is not required if the plaintiff can show "good cause" why service was not made. Fed. R. Civ. P. 4(m). "Courts in this district generally consider three factors to determine whether there is good cause or excusable neglect—1) the existence of circumstances that made service difficult or impossible, 2) whether the plaintiff was represented by counsel, and 3) the effect of dismissal on plaintiff's claims." *See Cioce v. Cnty. of Westchester*, No. 02 Civ. 3604 (HB), 2003 WL 21750052, at *4 (S.D.N.Y. July 28, 2003), *aff'd*, 128 F. App'x 181 (2d Cir. 2005) (collecting cases). Here, the facts support a finding that Plaintiff has failed to provide good cause.

First, Plaintiff's argument that his non-receipt of the Court's Order of Service may justify his failure to respond to it lacks force in light of his obligation to keep the Court apprised of his change of address. *Hibbert*, 2000 WL 977683, at *2. While it is true that the Order of Service and defense counsel's October 26, 2012 letter to Plaintiff were returned undelivered, Plaintiff made no attempt to advise chambers, the Clerk of the Court, the Office of *Pro Se* Litigation, or defense counsel of a change in address. Additionally, nothing in the record suggests that Plaintiff attempted to serve any of the Defendants after he received notice—at least as of May 2013, via Defendants' motion—that he had failed to do so. *Rosano v. Adelphi Univ.*, No. 11 Civ.

0148 (JS) (GRB), 2011 WL 8320457, at *1 – *2 (E.D.N.Y. Dec. 6, 2011) (dismissing *pro se* plaintiff's claims under Rule 4(m) where he "ha[d] not even attempted to effectuate service on any of the Defendants" for a time period over ten months); *Point–Dujour v. U.S. Postal Serv.*, No. 02 Civ. 6840 (JCF), 2003 WL 1745290, at *3 (S.D.N.Y. Mar. 31, 2003) ("[W]here a party fails to take any affirmative step to serve its adversary, courts should refrain from granting that party more time to serve."); *Astarita v. Urgo Butts & Co.,* No. 96 Civ. 6991, 1997 WL 317028, at *4 (S.D.N.Y. June 10, 1997) (dismissing complaint pursuant to Rule 4(m) when "no effort ha[d] *ever* been made to effect formal service" (emphasis in original)); *cf. Romandette*, 807 F.2d at 310-11 (holding that untimely service should have been permitted because *pro se* plaintiff exhibited good cause by "do[ing] everything in his power to comply with Rule 4" and relied on the Marshals Service); *Jaiyeola v. Carrier Corp.*, 73 F. App'x 492, 494 (2d Cir. 2003) (excusing *pro se* plaintiff's failure to timely effect service because the Marshals Service belatedly reported to plaintiff, three months after the failed service attempt, that service was not successful); *Buckley v. Doha Bank Ltd.*, No. 01 Civ. 8865 (AKH), 2002 WL 1751372 (S.D.N.Y. July 29, 2002) (excusing *pro se* plaintiff's untimeliness where service was effectuated just one week after the 120–day period prescribed by Rule 4(m)). This is not a case where Plaintiff relied on the Marshals Service or caused only a slight delay; Plaintiff filed his claim, changed his address, and did not update or otherwise respond to the Court between August 2012 and April 2013.

Second, although Plaintiff lacks representation, *pro se* status "is not automatically enough to constitute good cause" for the purposes of Rule 4(m). *Cioce*, 2003 WL 21750052, at *4 (citing *Marozsan v. United States*, 849 F. Supp. 617 (N.D. Ind. 1994), *aff'd* 90 F.3d 1284, *cert. denied* 520 U.S. 1109 (1997), as compiling cases for the proposition that "a *pro se* litigant's ignorance of the 120-day time limit does not establish good cause under Rule 4(m)"); *see also,*

9

*e.g.*, *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Jonas v. Citibank, N.A.*, 414 F. Supp. 2d 411, 417 (S.D.N.Y. 2006) (*pro se* status does not excuse failure to comply with procedural rules); *Landy v. Irizarry*, 884 F. Supp. 788, 793 (S.D.N.Y. 1995) (dismissing *pro se* plaintiff's claims without prejudice under Rule 4(m) where, "[e]ven allowing for [his] *pro se* status, given the time he has had to address the problem it cannot be reasonably concluded that he has been diligent or made a good faith effort to do so."). Here, notwithstanding the fact that he is *pro se* litigant, because Plaintiff failed to effect service within the requisite 120-day period for a reason of solely his making—his failure to update the Court and his opponent of his change in address—and because he still has yet to effectuate service upon Defendants, over a year after filing his case, dismissal without prejudice is warranted. *Cioce*, 2003 WL 21750052, at *4 (dismissing *pro se* plaintiff's claims under Rule 4(m) where plaintiff did not serve defendants until more than 200 days after he filed the suit).

Third, the Court's decision to dismiss Plaintiff's claims without prejudice, in combination with the relevant statute of limitations, will not result in a dismissal with prejudice. "In section 1983 actions [brought within New York], the applicable limitations period is ... three years." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002); *see also, e.g.*, *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). Here, the events that form the basis of Plaintiff's claims allegedly occurred on February 2, 2012, and therefore the limitations period has not yet expired.

Accordingly, the Court finds that no good cause exists to excuse Plaintiff's failure to effect service. Moreover, in light of Plaintiff's more than six month delay in processing his

claims, discussed *infra*, the Court declines to extend the time for service and dismisses all of Plaintiff's outstanding claims, without prejudice, under Rule 4(m).

### B. Dismissal Without Prejudice Under Rule 41(b) Is Warranted

The Court also finds that dismissal of Plaintiff's claims without prejudice under Rule 41(b) is warranted. To determine whether to grant a Rule 41(b) motion to dismiss for failure to prosecute, district courts employ a balancing test that considers the following five factors: (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the district judge had adequately assessed the efficacy of lesser sanctions. *Shannon v. General Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999); *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994).

First, the Court notes that Plaintiff failed to take any action with respect to his claims during the time period from at least August 2012 to April 2013 and, as of the date of this opinion, still has not complied with the Order of Service in several respects: he has failed to amend the Complaint or serve Defendants. *Hibbert*, 2000 WL 977683, at *3 (dismissing claims under Rule 41(b) where over six months elapsed after plaintiff's receipt of a proposal to remand); *Chira*, 634 F.2d at 666-67 (failure to take any action during six month period justified dismissal under Rule 41(b)). Moreover, the only explanation proffered for Plaintiff's delay is the *Court's* failure to deliver the Order of Service. It is Plaintiff's obligation to inform this Court's *Pro Se* Office of any change of address. *Hibbert*, 2000 WL 977683, at *2.

Second, at the very least, Defendants' motion to dismiss put Plaintiff on notice that his failure to effect service may result in dismissal of his claims. Additionally, regardless of whether Plaintiff received notice that delay could result in dismissal, it remained his duty to diligently pursue his case. *Hibbert*, 2000 WL 977683, at *2 (citing *Smith v. Human Res. Admin. of New York City*, No. 91 Civ. 2295, 2000 WL 307367, at *2 (S.D.N.Y. Mar. 24, 2000)). Because his inaccessibility for a period of time from at least August 2012 to April 2013 "is anything but diligent prosecution of [his] case," Plaintiff's claims will be dismissed for failure to prosecute. *Id.* (citing *Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442, 445 (W.D.N.Y. 1997) (granting Rule 41(b) motion despite plaintiff's non-receipt of the court's order to comply with discovery requests or be subject to dismissal for failure to prosecute)).

Third, prejudice to Defendants can be fairly presumed where, as here, there is a delay of more than six months and Plaintiff neither replied to the Court nor defense counsel's attempts to reach him during that timeframe. *Chira*, 634 F.2d 664, 666-68 (2d Cir. 1980) (six-month delay caused prejudice); *accord Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982) (noting that delays supporting dismissals have ranged from a matter of months to a period of years); *but see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004) (presumption of prejudice is rebuttable (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)). In cases where "delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *U.S. ex rel. Drake*, 375 F.3d at 256. Prejudice is also lesser where defendants have received actual notice of the claims against them. *Id.* at 257-58. Here, because Plaintiff has failed to serve Defendants even though he initiated this case in July of 2012, and further delay would prejudice Defendants, dismissal without prejudice is appropriate. *Ashley v. City of New York*, No. 02 Civ. 3085 (LAP) (RLE), 2003 WL 1624215, at

\*2 (S.D.N.Y. Mar. 25, 2003) (dismissing without prejudice *pro se* plaintiff's claims under Rule 41(b) where over a year elapsed since he had filed compliant and service had still not been effectuated).

Fourth, dismissal of Plaintiff's claims without prejudice does not violate his due process rights. While Plaintiff has had the opportunity to be heard, he declined to pursue his claims for a period of more than six months and failed to notify the Court of a change in address. "It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Hibbert*, 2000 WL 977683, at \*3. However, because Plaintiff's delay has not impacted the trial calendar, the Court finds that this factor also supports dismissal without prejudice, as opposed to adjudication on the merits. *See, e.g.*, *Thrall v. Cent. New York Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010) (dismissal without prejudice would have served the district court's need to clear its calendar without unduly penalizing a *pro se* litigant for failing to comply with a scheduling order).

Fifth, due to the fact that Plaintiff's delay, failure to maintain contact with the Court, and non-compliance with the Order of Service were within his control, dismissal, rather than an extension of time for service, is appropriate. "[A]ll litigants, including *pro se* litigants, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *Baba v. Japan Travel Bureau Int'l, Inc.*, 165 F.R.D. 398, 402 (S.D.N.Y. 1996) *aff'd*, 111 F.3d 2 (2d Cir. 1997) (quoting *McDonald v. Head Crim. Court Supervisor Off'cr*, 850 F.2d 121, 123 (2d Cir. 1988) (internal quotation marks omitted)); *see also Barclay v. Doe*, 207 F. App'x 102, 104 (2d Cir. 2006) (upholding dismissal of with prejudice under Rule 41(b) where *pro se* plaintiff defied discovery order). Policy concerns also militate in favor of dismissal. As the Second Circuit has recognized, "[d]elays have

dangerous ends," and "exhortations of diligence are impotent" unless district judges appropriately wield the power of dismissal. *Chira*, 634 F.2d at 668. To permit a litigant to continue to proceed under circumstances such as these "would be to deny other litigants in this district the efficient administration of justice." *Hibbert*, 2000 WL 977683, at *3. However, because the Court finds that lesser sanctions than dismissal with prejudice are potentially viable, and due to his *pro se* status, Plaintiff's claims will be dismissed *without* prejudice. *Lyell Theatre Corp*, 682 F.2d at 43 (when imposed, the sanction of dismissal under Rule 41(b) "operates as an adjudication upon the merits, but may be without prejudice if so specified by the court imposing it" (citation and quotation marks omitted)); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (Rule 41(b) dismissal [with prejudice] to be used with caution because "*pro se* plaintiffs should be granted special leniency regarding procedural matters").

Accordingly, dismissal without prejudice of Plaintiff's claims as to Named Defendants as well as John Doe Defendants is proper under Rule 41(b), in light of Plaintiff's failure to prosecute his claims.

### III. Conclusion

For the reasons set forth above, Defendants' motion to dismiss for failure to prosecute is GRANTED, without prejudice. The Clerk of the Court is respectfully directed to terminate the motion and close this case. Doc. 10.

It is SO ORDERED.

Dated:   November 5, 2013
         New York, New York

Edgardo Ramos, U.S.D.J.